No. 25-106 & Consolidated Cases

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE,

*Petitioner,*
v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,
*Respondent,*
*and*

STATE OF CALIFORNIA, *et al.*,
*Pending Respondents-Intervenors,*

*and*

ENVIRONMENTAL DEFENSE FUND, *et al.*,
*Pending Respondents-Intervenors.*

Appeal from the United States District Court
for the Western District of Washington

**BRIEF OF IOWA AND 25 STATES
SUPPORTING DISMISSAL**

| | |
|---|---|
| BRENNA BIRD<br>Attorney General of Iowa | ERIC WESSAN<br>Solicitor General<br>1305 E. Walnut Street<br>Des Moines, Iowa 50319<br>(515) 281-5164<br>(515) 281-4209 (fax) |
| August 20, 2025 | eric.wessan@ag.iowa.gov |

*Counsel for Amicus Iowa Attorney General's Office*

*(Additional counsel listed after signature block)*

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................ii

TABLE OF AUTHORITIES............................................................................ iii

STATEMENT OF AMICUS CURIAE.......................................................................1

SUMMARY OF ARGUMENT ..........................................................................4

ARGUMENT ....................................................................................................4

    I.   Congress Properly Disapproved of EPA's Waiver under the Congressional Review Act. ............................................................................4

    II.  This Case is Moot—And it is Only Moot Because the Congress's Actions are Effective..........................................................................................9

CONCLUSION ................................................................................................11

ADDITIONAL COUNSEL ..............................................................................12

CERTIFICATE OF COMPLIANCE.........................................................................14

CERTIFICATE OF SERVICE................................................................................14

# TABLE OF AUTHORITIES

Cases

*Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*,
  482 F.3d 1157 (9th Cir. 2007) .......................................................................... 12
*Corrie v. Caterpillar, Inc.*,
  503 F.3d 974 (9th Cir. 2007) ............................................................................ 13
*Ctr. for Biological Diversity v. Bernhardt*,
  946 F.3d 553 (9th Cir. 2019) ....................................................................... 3, 10
*Diamond Alt. Energy, LLC v. EPA*,
  145 S. Ct. 2121 (2025) ........................................................................................ 4
*Garcia v. Lawn*,
  805 F.2d 1400 (9th Cir. 1986) .......................................................................... 12
*Japan Whaling Ass'n v. Am. Cetacean Soc'y*,
  478 U.S. 221 (1986) .......................................................................................... 13
*Nevada v. Watkins*,
  943 F.2d 1080 (9th Cir. 1991) .......................................................................... 11

Statutes

5 U.S.C. § 801 .................................................................................... 3, 6, 7, 10
5 U.S.C. § 802 .............................................................................................. 6, 7
5 U.S.C. § 805 .......................................................................................... 10, 13
42 U.S.C. § 7543 ................................................................................................ 1

## STATEMENT OF AMICUS CURIAE

What Congress gives, Congress may take away. Congress tasked the Environmental Protection Agency with setting federal standards for new motor vehicle emissions in the Clean Air Act. Every State is then preempted from developing its own emissions standards—every State, that is, but California. The Act permits EPA to grant California a waiver to enact vehicle emission standards more stringent than those imposed by the federal government. *See* 42 U.S.C. § 7543(b)(1). The forty-nine other States must either follow the federal government's standards or California's. That is, States other than California must either submit to EPA's one-size-fits-all federal regulatory scheme for vehicle emissions or adopt California's more demanding scheme. But the sole supposed purpose of giving California this unique—and likely unconstitutional as applied here—authority is to address local air pollution problems in California.

Given this awesome—and likely unconstitutional—grant of authority under the Act, California sought to use their authority to the fullest by banning new internal-combustion-engine vehicles and requiring so-called "zero-emission" vehicles. *See* Office of Gov. Gavin

1

Newsom, Exec. Order N-79-20 (Sept. 23, 2020), https://perma.cc/VK64-G93C. EPA issued a waiver for three programs enacted to allow the California Air Resources Board to set the following three standards: (1) Advanced Clean Cars II, *see* Cal. Code Regs. tit. 13, § 1962.4, (2) Advanced Clean Trucks, *see id.* §§ 1963.1, 1963.2, and (3) Omnibus Low NOx ("Omnibus") Program. The first is at issue in this lawsuit.

States and industry members challenged each of those waivers in lawsuits across the country. *See*, *e.g.*, *Iowa v. EPA*, 23-1144 (D.C. Circuit) (Advanced Clean Trucks); *Ohio v. EPA*, 22-1081 (D.C. Circuit) (Advanced Clean Cars). And as part of those challenges, the petitioners highlighted the Act's unconstitutionality.

Perhaps recognizing the unconstitutional basis of the granted EPA waivers, Congress acted. *See* 5 U.S.C. §§ 801–07; *see, e.g.*, H.J. Res. 87, 119th Cong. (2025) (enacted as Pub. L. No. 119-15, 139 Stat. 65 (June 12, 2025)). Perhaps Congress was also concerned with the late-in-time nature of two of the waivers, issued in January 2025 just weeks before President Biden left office and months after President Trump won the election promising to stop issuing this type of waiver. *See California State Motor Vehicle and Engine Pollution Control Standards; Advanced Clean*

2

*Cars II; Waiver of Preemption; Notice of Decision*, 90 Fed. Reg. 642 (Jan. 6, 2025) ("ACC II Waiver"); *California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; The "Omnibus" Low NOX Regulation; Waiver of Preemption; Notice of Decision*, 90 Fed. Reg. 643 (Jan. 6, 2025) ("Omnibus Waiver").

Using a decades-old procedural mechanism by which Congress can hold accountable the executive agencies it creates, Congress revoked the three waivers, including the Advanced Clean Cars II program. The President signed all three revocations. And if Congress passes, and the President signs, a "joint resolution" of disapproval, then the rule "shall not . . . continue," and the rule "may not be reissued in substantially the same form." 5 U.S.C. § 801(b). The joint resolution is federal law. *See Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 562 & n.6 (9th Cir. 2019); *see also Diamond Alt. Energy, LLC v. EPA*, 145 S. Ct. 2121, 2131 (2025) (This "legislation . . . block[s] [these] California regulations.").

That is why the undersigned amici curiae states file this amicus in support of dismissal on mootness grounds—which necessarily means

3

acknowledging the effectiveness of the Congressional Review Act waiver revocation.[1]

## SUMMARY OF ARGUMENT

1. Congress may enact a law under the Congressional Review Act stopping federal rules, like EPA's waiver, from continuing in effectiveness.

2. This case is only moot if Congress's enactment is effective—and it is.

## ARGUMENT

**I. Congress Properly Disapproved of EPA's Waiver under the Congressional Review Act.**

Faced with California's unprecedent war on liquid-fuel-powered vehicles, Congress responded to EPA's post-election waivers with disapproval. And for good reason, EPA's late-issued waivers allowed California and the eleven other States that opted to follow California's rules to effectively ban internal-combustion engine cars and light trucks.

---

[1] A State may file an amicus brief without the consent of the parties or leave of the court. Fed. R. App. P. 29(a)(2). Out of an abundance of caution, amici States asked for a position on the filing of this amicus. Respondent and Petitioners consented.

So Congress brushed off a decades-old tool known as the Congressional Review Act to help the auto and truck industries focus on their core strengths: producing the cars and trucks Americans want. And not focusing on what the Government sometimes wants: electrification without market justification.

The Congressional Review Act establishes an expedited legislative procedure for Congress to review, and ultimately disapprove, rules issued by federal agencies. Pub. L. No. 104-121, § 251, 110 Stat. 847, 868–74 (1996), codified at 5 U.S.C. §§ 801–808. If Congress passes, and the President signs, a "joint resolution" of disapproval of an agency's rule, then the rule "shall not take effect (or continue)," and the rule "may not be reissued in substantially the same form" unless "specifically authorized by a law enacted after the date of the joint resolution." 5 U.S.C. § 801(b). The joint resolution is federal law, enacted in accordance with the constitutional requirements of bicameralism and presentment. One feature of the CRA is that joint resolutions are put on a legislative fast track that is exempt from the Senate's ordinary filibuster rule and that limits the motions that Senators may raise. 5 U.S.C. § 802(d).

The Congressional Review Act is usually triggered when an agency transmits a rule to Congress. The Congressional Review Act requires federal agencies to "submit to each House of the Congress and to the Comptroller General" each rule it promulgates, along with a report that includes "a concise general statement relating to the rule." 5 U.S.C. § 801(a)(1)(A). Once Congress receives the rule, it generally has 60 days to introduce a joint resolution if it wishes to disapprove of it. *Id.* § 802(a).

When an agency fails to submit a rule to Congress, Congress has alternatives for how to review a rule—should it want to. One approach is to ask the Government Accountability Office for an opinion on whether the agency action is a rule for Congressional Review Act purposes. If it is, Congress tends to use publication of the GAO's opinion in the *Congressional Record* as the date to start the 60-day timer. Maeve P. Carey & Christopher M. Davis, Cong. Rsch. Serv., R43992, *The Congressional Review Act (CRA): Frequently Asked Questions* 12–13 (updated Nov. 12, 2021). GAO's rule is not laid out in statute or code— this informal approach is meant to be helpful and purely advisory because the Congressional Review Act leaves to Congress "whether CRA" disapproval applies. GAO, B-325553, *GAO's Role and Responsibilities*

6

*Under the Congressional Review Act* 9 (May 29, 2014) ("GAO Letter B-32552").

One concern raised by Intervenor States—including California—is that EPA did not submit its waivers, including the Advanced Clean Cars II Waiver, to Congress. Because of that failure to submit, the statutory 60-day timer did not start. Instead, the timer started when EPA transmitted the waivers to Congress after EPA concluded the waivers were rules subject to the Congressional Review Act. *See* 171 Cong. Rec. S1311 (daily ed. Feb. 24, 2025) (EC-439, EC-440, EC-441); 171 Cong. Rec. H875 (daily ed. Feb. 26, 2025) (EC-484, EC-485, EC-486); 171 Cong. Rec. H1035 (daily ed. Mar. 6, 2025) (EC-518, EC-519, EC-520); 171 Cong. Rec. S1871 (daily ed. Mar. 26, 2025) (EC-660, EC-661, EC-662).

After some internal Congressional procedural kerfuffle, resolutions of disapproval for all three waivers were introduced in the U.S. House of Representatives. By May 1, the House had passed all three Resolutions with bipartisan majorities, including 35 Democratic House members, voting to repeal the ACC II Waiver. *Roll Call 114 | Bill Number: H.J. Res. 88*, U.S. House of Representatives (May 1, 2025), https://perma.cc/46A6-JNK3.

7

Next, the Senate moved to consider the three Resolutions by majority vote. On May 22, the Senate voted to adopt all three. The Senate's disapproval of the ACC II Waiver was also bipartisan, with Senator Elissa Slotkin voting with Senate Republicans. *Roll Call Vote Summary on H.J. Res. 88*, U.S. Senate (May 22, 2025), https://perma.cc/B4X7- YA4U. On June 12, President Trump signed the Resolutions into law. Pub. L. No. 119-15, 139 Stat. 65 (2025); Pub. L. No. 119-16, 139 Stat. 66 (2025); Pub. L. No. 119-17, 139 Stat. 67 (2025).

Thus ends the misbegotten saga of EPA's late-issued waivers purporting to allow for the widespread banning of internal-combustion powered cars. Once the joint disapproval was passed by both chambers and signed by the President, the waivers "shall not . . . continue." 5 U.S.C. § 801(b). And the joint resolution is not reviewable. Indeed, the Congressional Review Act strips jurisdiction for challenges to laws enacted under its authority. "No determination, finding, action, or omission under this chapter shall be subject to judicial review." 5 U.S.C. § 805. "On its face, this language bars judicial review of all challenges to actions under the CRA, including constitutional challenges." *Ctr. for Biological Diversity*, 946 F.3d at 561.

8

This case began when Plaintiffs challenged EPA's Advanced Clean Cars II Waiver—before any of the Congressional Review Act waivers were signed. The enactment of the joint resolution means the Advanced Clean Cars II Waiver is no more. This Court should thus grant the motion to dismiss this case as moot in a published opinion.

## II. This Case is Moot—And it is Only Moot Because the Congress's Actions are Effective.

Later statutory enactments may render challenges to an agency rule moot and thus render this Court without "Article III jurisdiction." *Nevada v. Watkins*, 943 F.2d 1080, 1083 (9th Cir. 1991). This Court cannot grant "'any effective relief' to [Plaintiffs] if [it] were to rule in its favor on the merits." *Id.* (citing *Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986)).

In an analogous circumstance, this Court has held that if "legislation passing constitutional muster is enacted while a case is pending on appeal that makes it impossible for the court to grant any effectual relief, the appeal must be dismissed as moot." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1168 (9th Cir. 2007).

9

So too here. Congress has passed a Congressional Review Act law that disapproves and vacates the Advanced Clean Cars II Waiver. Without closing the door to challenging congressional review act abrogation in other circumstances, here there are no nonfrivolous challenges to Congress's abrogation of that waiver. Any challenge brought in federal court would raise separation of powers issues. And any challenges to that waiver run headlong into the Congressional Review Act's jurisdiction stripping. *See* 5 U.S.C. § 805; *see also Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980–81 (9th Cir. 2007) ("[P]olitical question[s] deprive[] a court of subject matter jurisdiction."); *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 230 (1986) (Political questions "revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch.").

Dismissing this case without recognizing and confirming Congress's authority to enact the Congressional Review Act disapprovals risks this Court's mootness determination becoming undone. Indeed, any challenges to the Congressional Review Act disapprovals risks resuscitating—what this Court will, in dismissing, agree are—dead

10

claims. And that could very well prejudice parties that rely on Congress and their authority in dismissing challenges to rules they believe were properly vacated by Congress lawfully applying the Congressional Review Act.

## CONCLUSION

The Court should grant the motion to dismiss in a published opinion recognizing the effectiveness of the Congressional Review Act enactments. If it does not do so, then the mootness this Court recognizes in granting dismissal risks being undermined in other courts and, even worse, risks resuscitating this properly mooted case.

August 20, 2025											Respectfully submitted,

									BRENNA BIRD
									Iowa Attorney General

									*/s/ Eric Wessan*
									ERIC WESSAN
									*Solicitor General*
									Hoover State Office Building
									1305 East Walnut Street
									Des Moines, Iowa 50319
									Phone: (515) 823-9117
									eric.wessan@ag.iowa.gov

									*Counsel for the State of Iowa*

11

## ADDITIONAL COUNSEL

Steve Marshall
Attorney General of Alabama

Treg Taylor
Attorney General of Alaska

Tim Griffin
Attorney General of Arkansas

James Uthmeier
Attorney General of Florida

Chris Carr
Attorney General of Georgia

Raúl R. Labrador
Attorney General of Idaho

Theodore E. Rokita
Attorney General of Indiana

Kris Kobach
Attorney General of Kansas

Rusell M. Coleman
Attorney General of Kentucky

Liz Murrill
Attorney General of Louisiana

Lynn Fitch
Attorney General of Mississippi

Catherine Hanaway
Attorney General of Missouri

Austin Knudsen
Attorney General of Montana

Michael T. Hilgers
Attorney General of Nebraska

Drew Wrigley
Attorney General of
North Dakota

Dave Yost
Attorney General of Ohio

Gentner Drummond
Attorney General of Oklahoma

Alan Wilson
Attorney General of
South Carolina

Marty Jackley
Attorney General of
South Dakota

Jonathan Skrmetti
Attorney General of Tennessee

Ken Paxton
Attorney General of Texas

Derek E. Brown
Attorney General of Utah

Jason S. Miyares
Attorney General of Virginia

12

John B. McCuskey
Attorney General of
West Virginia

Keith G. Kautz
Attorney General of Wyoming

13

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 29(a)(5) and Circuit Rule 32-1 because this brief contains 1,981 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(5) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: August 20, 2025

/s/ *Eric H. Wessan*
Solicitor General

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the twentieth day of August, 2025, this brief was electronically filed with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

/s/ *Eric H. Wessan*
Solicitor General